IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLARD V. GULLICK, III                                                    PLAINTIFF

V.                                       NO. 14-5246

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Willard V. Gullick, III, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II an XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on September 8, 2011, alleging disability since August 8, 1991, due to arthritis in the left side of his body, "bipolar," and manic depression. (Tr. 119-128, 145-146, 150).  At the hearing, Plaintiff amended his onset date to January 1, 2009. (Tr. 28).  An administrative hearing was held on December 6, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 25-64).

By written decision dated March 22, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

chronic musculoskeletal pain, degenerative disc disease of the right shoulder, cognitive disorder, major depression, and panic disorder with agoraphobia. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can only occasionally climb ramps/stairs, can never climb ladders/ropes/scaffolds, can only occasionally balance, stoop, kneel, crouch and crawl, can only occasionally work overhead/reach overhead, and must avoid concentrated exposure to hazards including no driving as part of work. The claimant is further able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing his past relevant work, but there were other jobs Plaintiff would be able to perform, such as addressing clerk, nut sorter, and fishing reel assembler. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on June 4, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.     Discussion:**

Plaintiff raises the following issues in this matter:  1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility analysis: 3) The ALJ erred in his RFC determination; and 4) The ALJ erred by failing to fully and fairly develop the medical record. (Doc. 10).

Although the Court believes there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments in combination, as well as to support the ALJ's credibility and RFC determination, the Court also believes the ALJ failed to resolve a conflict between the VE's testimony and the DOT. The ALJ's RFC determination states that Plaintiff "can only occasionally work overhead/reach overhead," and the jobs the VE indicated Plaintiff could perform all require frequent reaching, according to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Consequently, there is a conflict between the DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the SCO said required frequent reaching).

4

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, in the written interrogatories that were submitted by the VE, the VE was asked if there were any conflicts between the occupational evidence he provided for and the occupational information contained in the DOT and/or the SCO, to which the VE responded "No." (Tr. 230). Although in his decision, the ALJ stated that he determined the VE's testimony was consistent with the information contained in the DOT (Tr. 17), there is no indication that he was aware of the conflict or how he made such a determination. The Court therefore believes this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015).

Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT and therefore, the VE's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between the VE's testimony and the DOT.[1]

**IV.  Conclusion:**

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eighth Circuit noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the VE, and thus another administrative hearing may not be required.

is therefore remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 27th day of August, 2015.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE